UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KRISTY L. SHAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv204 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2010.

2. Although it is not clear that the claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 27, 2005, through her date last insured of June 30, 2010 (20 CFR 404.1571 *et seq*.), the inquiry will not stop at step one.

3. Through the date last insured, the claimant had the following severe impairments: other and unspecified arthropathies, fibromyalgia, a spine disorder, obesity and migraine (Exhibits 1F to 30F)(20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could only occasionally climb ladders, ropes or scaffolds and frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawling. She needed to avoid concentrated exposure to wetness and to workplace hazards such as slippery and uneven terrain, unprotected heights and unguarded machinery.

6. Through the date last insured, the claimant was capable of performing past relevant work as a food sales clerk. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability as defined in the Social Security Act at any time from April 27, 2005, the alleged onset date, through June 30, 2010, the date last insured (20 CFR 404.1520(f)).

(Tr. 13- 21).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on December 12, 2017. On February 20, 2018, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined

to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 4 was the determinative inquiry.

Plaintiff was born in 1976 and was 29 years old on the alleged onset date of disability. Plaintiff has at least a high school education. Plaintiff had past relevant work as a food service clerk, child monitor, and hospital cleaner.

The ALJ found that Plaintiff has the following severe impairments: migraine headaches; arthopathy; fibromyalgia; spine disorder; and obesity. The ALJ further found that the Plaintiff has the following non-severe impairments: obstructive sleep apnea and affective disorder.

In support of remand, Plaintiff first argues that the ALJ erred in not incorporating

limitations from all the medically determinable impairments, both severe and non-severe, into the Residual Functional Capacity and in not considering the combined impact thereof. Specifically, Plaintiff claims that the ALJ failed to account for her limitations related to absences, photophobia and phonophobia she alleges she experiences secondary to her headaches, and that the ALJ did not include limitations in the RFC that accounted for her bilateral shoulder impairments.

However, the record shows that the ALJ considered Plaintiffs's alleged limitations secondary to her headaches, and concluded that they were inconsistent with the record. For instance, the ALJ noted that Plaintiff alleged she experienced three to four migraines per week, but that her headache symptoms improved after she began taking Lyrica (Tr. 17, 383). The ALJ further noted that her allegations of two to five migraines per week in 2009 and 2010 were inconsistent with the record and the type of treatment received (Tr. 17). The ALJ further noted that Plaintiff admitted that when she worked in childcare, she did not lie down in a dark room due to migraines, which the ALJ concluded was evidence that her headache symptoms were more manageable than she alleged (Tr. 17). As discussed below, Plaintiff worked for up to 48 hours per week in childcare, and thus her ability to work such hours without experiencing the limitations she alleged undermines the credibility of those allegations.

With respect to Plaintiff's alleged bilateral shoulder impairments, the ALJ did include limitations in the RFC finding that accounted for Plaintiff's shoulder impairments. The ALJ found that Plaintiff was limited to light work, which includes lifting and carrying limitations under 20 C.F.R. § 404.1567(b) (Tr. 16). The ALJ also limited Plaintiff to no more than occasionally climbing ladders, ropes, or scaffolds, all of which accommodate a shoulder impairment (Tr. 16). The ALJ explained that greater functional limitations secondary to

5

Plaintiff's upper extremities were not warranted because "evidence for back and upper and lower extremity complaints is minimal, not sustained and improved with treatment, and with no significant sustained clinical findings of deficit" (Tr. 18). This court finds that the ALJ's characterization of the record was reasonable. The ALJ noted that a state agency medical expert opined that Plaintiff had only the limitations that the ALJ ultimately included in the RFC due to her impairments, including her shoulder arthropathies (Tr. 19, 72-75). Moreover, the ALJ noted that a magnetic resonance imaging study of the right shoulder showed only very mild arthritis (Tr. 19). Thus, it is clear that the ALJ considered Plaintiff's shoulder impairments, found that she had a severe impairment of arthropathies, included limitations in the RFC to accommodate her shoulder impairment, and explained why greater limitations were not supported by the evidence. Accordingly, there is no basis for remand on this point.

Next, Plaintiff argues that the ALJ overemphasized her activities of daily living. Plaintiff notes that the Seventh Circuit Court of Appeals has held that, because activities of daily living can be flexibly scheduled and can be done with other's assistance, an ALJ errs in placing too much emphasis on abilities demonstrated in activities of daily living. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).

Specifically, Plaintiff argues that the "ALJ equated [her] care of her child with the ability to work a regular, continuous, full-time job" (Pl. Br. 15). She goes on to note that she tried to "make a minimal amount of money to survive by baby-sitting" and that such activities should not be considered by the ALJ because to do so would result in "care-giving mothers as a class [being] automatically excluded from disability benefits" (Pl. Br. 15-16).

However, the record shows that Plaintiff did not engage in sporadic babysitting. Rather,

she ran "an in-home daycare" (Tr. 34) which lasted "[f]rom approximately 6:00 a.m. until sometimes as late as 7:00 p.m" (Tr. 34) and for which she would work as many as forty-eight hours per week (Tr. 35). The ALJ noted that Plaintiff "was watching three children in addition to her own, from 6 a.m. to 7 p.m. At the end, she was watching one child 48 hours per week. No one helped her with this work" (Tr. 13-14, 34-35). The ALJ noted that "there are no reported earnings" and thus did not find that Plaintiff had engaged in substantial gainful activity (Tr. 13).

Considering Plaintiff's work watching children in a full-time daycare, this court finds that it was not unreasonable for the ALJ to note that such activity was inconsistent with Plaintiff's allegation that she would frequently miss work due to headaches (Tr. 18). There is no error and no basis for remand.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: April 17, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court